UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAN MELVIN GALINDO GOMEZ a/k/a ADAN GALINDO<br><br>4941 Brazoswood Cir<br>Arlington, Texas 76017<br><br>Plaintiff<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, A government agency.<br>111 Massachusetts Avenue NW<br>Washington, D.C. 20529<br><br>Defendant | Civil Action No. 1:19-cv-03456-ABJ<br><br>FIRST AMENDED COMPLAINT |

Plaintiff now file this First Amended Complaint as a matter of right pursuant to Rule 15(a)(1)(B) less than 21 days after defendant's motion to dismiss under Rule 12(b).

INTRODUCTION

1. This is an action by the plaintiff, Adan Melvin Galindo Gomez, a/k/a Adan Galindo (Adan Galindo or Mr. Galindo), against the defendant, the United States Citizenship and Immigration Services (USCIS), asking the Court to hold unlawful and set aside the agency's decision of September 24, 2019 in File Nos A071644634 / MSC1891342483 denying his application for adjustment of status (Form I-485) solely on the grounds that he was supposedly not inspected and parole or admitted following his return to the U.S. with authorization to travel abroad temporarily granted to him pursuant to his Temporary Protected Status (TPS), even though not only was he actually inspected and paroled, but the very section of law which the USCIS cited in denying his application provides that a person

who is authorized to travel abroad temporarily on account of his TPS "**shall** be inspected and admitted" (emphasis added).

BRIEF STATEMENT OF PERTINENT FACTS

2. The Plaintiff, Adan Galindo is a citizen and national of El Salvador, born March 6, 1975, and currently residing in Arlington, Texas, in Temporary Protected Status.

3. The defendant United States Citizenship and Immigration Services (USCIS) is an agency within the Department of Homeland Security with, among other things, responsibility for the adjudication of applications for adjustment of status by foreign nationals to obtain lawful permanent resident status in the United States. It resides in the District of Columbia

4. Mr. Galindo has no criminal record, has never received public assistance, and has not failed to maintain a lawful status in the U.S. since his last admission.

5. Mr. Galindo entered the United States without inspection in July, 1991.

6. Mr. Galindo was ordered deported from the United States by an Immigration Judge on June 7, 1994.

7. In March 2001, Mr. Galindo was granted TPS.

8. On June 8, 2016 Mr. Galindo was **authorized by USCIS to travel abroad temporarily on account of his TPS**.

9. On August 11, 2016 Mr. Galindo departed the United States pursuant to the mentioned authorization, while under the order of deportation mentioned above.

10. On August 11, 2016 Mr. Galindo was inspected and paroled into the United States.

11. On June 28, 2018 Mr. Galindo filed a Form I-485, Application to Register Permanent Resident or Adjust Status (application for adjustment of status) with the USCIS seeking to adjust his status in the United States to that of permanent resident.

12. On some unknown date no earlier than December 12, 1991 nor later than    July 11, 2019, the USCIS published  Volume 7, Part A, Chapter 3,  Footnote 19 of the USCIS Policy Manual stating that "(a) TPS beneficiary who obtains USCIS' authorization to travel abroad temporarily (as evidenced by an advance parole document issued under 8 CFR 244.15(a)) and who returns to the United States in accordance with such authorization "shall be inspected and admitted in the same immigration status the alien had at the time of departure" unless the alien is determined to be inadmissible based on certain criminal and security bars (TPS bars) listed in INA 244(c)(2)(A)(iii). See Section 304(c)(1)(A)(ii) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (MTINA), Pub. L. 102-232 (PDF), 105 Stat. 1733, 1749 (December 12, 1991), as amended. Therefore, unless those TPS bars apply, the TPS beneficiary, upon return to the United States, resumes the exact same immigration status and circumstances as when he or she left the United States. For example, if the TPS beneficiary had an outstanding, unexecuted final order of removal at the time of departure, then he or she, upon lawful return, remains a TPS beneficiary who continues to have an outstanding, unexecuted final order of removal. Similarly, if the TPS beneficiary was in removal proceedings at the time of departure but did not have a final order of removal, then he or she remains a TPS beneficiary in removal proceedings upon lawful return, unless those proceedings have been otherwise terminated. See Section 304(c)(1)(A)(ii) of MTINA, Pub L. 102-232, 105 Stat. 1733, 1749 (December 12, 1991), as

amended. USCIS Policy Manual, Volume 7, Part A, Chapter 3, footnote 19, current as of March 15, 2020 (https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-3).

13. The "USCIS Policy Manual" (is) (t)he agency's centralized online repository for USCIS' immigration policies. The agency's centralized online repository for USCIS' immigration policies USCIS Policy Manual, Volume `, Part A, Chapter 2, A. Website, current as of March 15, 2020.

14. Upon information and belief, the above footnote from USCIS Policy Manual have never been published in the Federal Register.

15. On July 11, 2019 the USCIS denied Mr. Galindo's application for adjustment of status because he supposedly failed to show that he was inspected, admitted or parole into the United States, despite the fact that he provided the agency with a document bearing an official United States Department of Homeland seal showing that he had been paroled into the U.S. on August 11, 2016.

16. The agency, in a vain attempt to deny the obvious, premised its decision on the assertion that "According to Public Law 102- 232, Title III, §304(c), Dec 12, 1991, 105 Stat. 1749, as amended, an alien shall be inspected and admitted in the same immigration status the alien had at the time of departure."

17. The decision of the USCIS employee who signed this decision was dictated by the referenced portion of the USCIS Policy Manual, inasmuch as "(a)ll material which is designated as policy material is binding upon *all* employees of USCIS , unless or until it is specifically superseded by other policy material." Adjudicator's Field Manual, Section 3.4(b). https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1/0-0-0-728/0-0-0-789.html#0-0-0-244

18. The decision showed no awareness of the self-contradiction involved in denying that an applicant had been inspected and admitted to the United States by reference to a law that provided that he "shall be inspected and admitted".

19. This action ensued.

## JURISDICTION

20. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 USC 1101 et. seq., and the Administrative Procedure Act, 5 USC 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 USC 1331.

## VENUE

21. This Court has venue over this matter under 28 USC 1391(e)(1)(A) in the defendant resides in this judicial district..

## STANDING

22. Mr. Galindo has a legally protected interest in a decision by the USCIS on his application for adjustment of status which is in accordance with law and (1) the invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he has been barred from even being considered for lawful admission to the United States for permanent residence in the USCIS's discretion;  (2) there is a causal connection between the injury-in-fact and the defendant's challenged behavior in that it is precisely the defendant's denial of the plaintiff's

application for adjustment of status which prevents him from being considered for permanent residency and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give him an opportunity to apply for permanent residence which he is currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiff has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## CAUSES OF ACTION

### COUNT I

### TO HOLD UNLAWFUL AND SET ASIDE THE DENIAL OF MR. GALINDO'S APPLICATION FOR ADJUSTMENT OF STATUS AS ARBITRARY AND CAPRICIOUS IN THAT IT IS UNSUPPORTED BY SUBSTANTIAL (OR ANY) EVIDENCE

23. 5 USC 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

24. The USCIS's decision denying Mr. Galindo's application for adjustment of status on the grounds that he did not prove that he was inspected, admitted or paroled was not supported by substantial evidence in that the record indisputably shows that he was inspected and

paroled into the United States on August 11, 2016 and there is absolutely no evidence to the contrary.

25. A decision unsupported by substantial evidence is arbitrary and capricious. *Association of Data Processing Serv. Orgs. v. Board of Governors*, 240 U.S. App. D.C. 301, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J).

WHEREFORE it is respectfully requested that the Court hold the USCIS's decision denying Adan Galindo's application for adjustment of status in File No. A088379644 / LIN1904350230 unlawful because it is arbitrary and capricious and set it aside.

COUNT II

ALTERNATIVELY, TO HOLD UNLAWFUL AND SET ASIDE THE DENIAL OF MR. GALINDO'S APPLICATION FOR ADJUSTMENT OF STATUS BECAUSE IT IS NOT IN ACCORDANCE WITH LAW

26. The USCIS held that Mr. Galindo had not proven that he had been inspected, admitted or paroled into the U.S., despite the plain and unmistakable fact that he had actually been inspected and paroled, because "According to Public Law 102- 232, Title III, §304(c), Dec 12, 1991, 105 Stat. 1749, as amended, an alien shall be inspected and admitted in the same immigration status the alien had at the time of departure."

27. If one were to accept USCIS's assertion that what the law provides "shall" happen in a particular situation is a sufficient reason to ignore what actually happened, and to pretend that what "shall" happen actually did[1], the agency's decision would not be in accordance with law since the cited section unambiguously provides that a person authorized to

---

[1] To illustrate the absurdity of this reasoning, this is tantamount to a defendant charged with murder claiming that his victim is not dead because the Sixth Commandment provides that "Thou Shalt Not Kill".

temporarily travel abroad pursuant to TPS "**shall** be **inspected** and **admitted**." (emphasis added).

WHEREFORE, it is respectfully requested that the Court hold the USCIS's decision denying Adan Galindo's application for adjustment of status in File No. A088379644 / LIN1904350230 unlawful because it is not in accordance with law and set it aside

## COUNT III

## MR. GALINDO-GOMEZ'S APPLICATION FOR ADJUSTMENT OF STATUS WAS DENIED SOLELY BACAUSE OF A LEGISLATIVE RULE WHICH USCIS UNLAWFULLY ADOPTED WITHOUT COMPLYING WITH THE NOTICE AND COMMENT REQUIREMENT OF THE APA

28. "Under the APA, agency rules may be issued only after the familiar notice-and-comment procedures enumerated in the statute are completed. *See* 5 U.S.C. § 553." *Cmty. Nutrition Inst. v. Young*, 260 U.S. App. D.C. 294, 818 F.2d 943, 945 (1987).

29. Unless a pronouncement acts prospectively, it is a binding norm. Thus . . . a statement of policy may not have a present effect: "a 'general statement of policy' is one that does not impose any rights and obligations". . . . Id. at 946

30. The second criterion is whether a purported policy statement genuinely leaves the agency and its decisionmakers free to exercise discretion." Id.

31. USCIS Policy Manual, Volume 7, Part A, Chapter 3, footnote 19 is a legislative rule and thus subject to the notice-and-comment requirements of section 553;

32. This footnote has both a present effect and, because it is contained in a USCIS policy manual, it is binding on all USCIS employees.

33. According, it is legislative rule and so subject to the APA's notice and comment requirement.

34. Upon information and belief, this footnote has never been published in the Federal Register.

35. Accordingly, it is invalid.

36. Further, inasmuch as the denial of Mr. Galindo-Gomez's application of adjustment of status was dictated to the UCSIS employee who issued it, it is invalid as well.

WHEREFORE this Court should hold the denial of Mr. Galindo-Gomez's application for adjustment of status unlawful and set it aside

FURTHERMORE, this Court should permanently enjoin the USCIS and its employees from denying applications for adjustment of status for the reason set forth in USCIS Policy Manual, Volume 7, Part A, Chapter 3, footnote 19.

## COUNT IV

## TO COMPEL AGENCY ACTION UNLAWFULLY WITHHELD

37. By falsely claiming that Adan Galindo failed to prove that he had been inspected and admitted or paroled the USCIS has unlawfully withheld and unreasonably delayed a lawful decision on the merits of his application for adjustment of status.

WHEREFORE it is respectfully requested that this Court compel the USCIS to take jurisdiction of and properly decide Adan Galindo's application for adjustment of status in File No. File Nos A071644634 / MSC1891342483 within thirty (30) days of the Court's Order holding the denial of his application unlawful and setting it aside.

Respectfully Submitted this 16th day of March, 2019

/s/*Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiff

Immigration Law Offices of Los Angeles, P.C.
3415 S. Sepulveda Blvd. Suite 570
Los Angeles, CA 90034
Ph: (646)845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com