UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAN MELVIN GALINDO GOMEZ a/k/a ADAN GALINDO GOMEZ<br><br>Plaintiff<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, A government agency.<br><br>Defendant | Civil Action No. 19-cv-3456-ABJ<br><br>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF HIS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE |

    The plaintiff, Adan Melvin Galindo Gomez, through his counsel, respectfully submits this Notice of Supplemental Authority in Further Support of his Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or Alternatively to Transfer Venue, drawing the Court's attention to a highly relevant decision issued on August 20 of this year by the Administrative Appeals Office and its subsequent designation by the USCIS as an "adopted decision" binding upon all USCIS officers. *Matter of Z-R-Z-C-*, Adopted Decision 2020-02 (AAO Aug. 20, 2020) (submitted as an exhibit hereto).

    The decision largely mimics the reasoning of the USCIS in this motion and, in particular, its assertion that the phrase "immigration status" in the provision of the MTINA that mandates that TPS recipients granted travel permission by the government "shall be inspected and admitted in the same immigration status the alien had at the time of departure" " includes being subject to a final order of deportation, exclusion, or removal" *Id* at 6.

    However, what is particularly significant is the AAO's conclusion that "We acknowledge the Applicant's reasonable reliance on the agencies' erroneous past practice, and conclude that the

statutory construction announced in this decision should not apply to her application (for adjustment of status) based on such reliance." *Id.* at 9 (parenthetical material added for clarity).

Mr. Galindo Gomez's case is largely indistinguishable from *Z-R-Z-C*. Like the TPS recipient there, Mr. Galindo Gomez departed the United States, returned, and applied for adjustment of status, long before the AAO's decision. Just like the applicant in *Z-R-Z-C*, Mr. Galindo Gomez relied upon the USCIS' interpretation of the MTINA (as well as its plain language) in applying for adjustment of status and so would be severely prejudiced if the AAO's new interpretation were retroactively enforced against him. Accordingly, if this Court is inclined to adopt the USCIS' interpretation of the MTINA, it should also defer to its conclusion that it would be unreasonable to enforce that interpretation retroactively to deny applications for adjustment of status decided prior to August 20, 2020.

Respectfully Submitted this 18th  day of September, 2020

/s/*Michael E. Piston*
Michael E. Piston
Immigration Law Offices of Los Angeles
(Manhattan Office)
225 Broadway Suite 225
New York, NY 10007
646-845-9895