UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAN MELVIN GALINDO GOMEZ, a/k/a ADAN GALINDO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendant. | Civil Action No. 19-3456 (ABJ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Adan Melvin Galindo Gomez has moved to alter and/or amend the Court's November 13, 2020 Order, which granted defendant's motion to dismiss, denied plaintiff's motion for partial summary judgment, and denied as moot defendant's alternative motion to transfer. Pl.'s Rule 59(e) Mot. to Alter and/or Amend J. [Dkt. # 23] ("Mot."); Pl.'s Mem. in Supp. of Mot. [Dkt. # 23-1] ("Mem."); *see also Gomez v. USCIS*, No. 19-3456, 2020 WL 7419674 (D.D.C. Nov. 13, 2020). Defendant opposes the motion. Def.'s Opp. to Rule 59(e) Mot. to Amend or Alter J. [Dkt. # 24] ("Opp."). Because plaintiff's motion fails to identify any basis for disturbing the prior decision, the Court will deny the motion.

### BACKGROUND

The Court detailed the factual and procedural background in its previous memorandum opinion, so it will simply summarize it here. *See Gomez*, 2020 WL 7419674, at *1–2. Plaintiff is a citizen of El Salvador who resides in Arlington, Texas, and he applied to adjust his immigration status from Temporary Protected Status ("TPS") to that of a lawful permanent

resident in June 2018. *Id.* The United States Citizenship and Immigration Services ("USCIS") denied his request in July 2019, on the grounds that he was ineligible as a non-arriving alien subject to deportation proceedings that were instituted in 1994. *Id.*

Plaintiff filed this action in November 2019, Compl. [Dkt. # 1], and he amended his complaint in March 2020. Am. Compl. [Dkt. # 10] ("First Am. Compl."). He asked the court to declare the denial of his immigration status adjustment unlawful and to compel USCIS to re-adjudicate his application. *Id.* ¶ 37. He also claimed that USCIS's revision of its Policy Manual was unlawful because it was accomplished without the notice and comment required under section 553 of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* First Am. Compl. ¶¶ 28–36; *Gomez*, 2020 WL 7419674, at *1–2.

The amended complaint contained four counts:

> Count One: The agency's decision denying plaintiff's application for adjustment of status was arbitrary and capricious and should be set aside;
>
> Count Two: The agency's decision denying plaintiff's application for adjustment of status was not in accordance with the law and should be set aside;
>
> Count Three: USCIS failed to conduct the required notice and comment rulemaking when it added what plaintiff refers to as "a new legislative rule" to its Policy Manual; and
>
> Count Four: USCIS "unlawfully withheld and unreasonably delayed" a decision on plaintiff's application for adjustment of status.

First Am. Compl. ¶¶ 23–37.

Defendant moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), and alternatively, to transfer the case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Def.'s Mem. of P. & A. in Supp. of

Mot. to Dismiss [Dkt. # 15-1] ("Mot. to Dismiss"); *Gomez*, 2020 WL 7419674, at *1. Defendant stated that plaintiff, as a non-arriving alien, was required to seek review of the USCIS decision before an immigration judge in the Department of Justice's Executive Office of Immigration Review ("EOIR"), instead of through an action in federal district court. Mot. to Dismiss at 6. On September 22, 2020, plaintiff filed a motion for partial summary judgment on Counts One, Two, and Four. Pl.'s Mot. for Partial Summ. J. [Dkt. # 19].

On November 13, 2020, the Court held that, pursuant to 8 C.F.R. § 1.2, plaintiff does not meet the definition of "arriving alien,"[1] and therefore his claims should have been submitted to an EOIR immigration judge.[2] *Gomez*, 2020 WL 7419674, at *3–4; *see also* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i). The Court concluded that it lacked the power to review plaintiff's status or grant the requested relief, and it dismissed Counts One, Two, and Four for lack of subject matter jurisdiction and denied plaintiff's partial motion for summary judgment for that

---

1   An "arriving alien" is defined as:

> [A]n applicant for admission coming or attempting to come into the United States at a port-of-entry . . . . An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked. However, an arriving alien who was paroled into the United States before April 1, 1997, *or who was paroled into the United States on or after April 1, 1997, pursuant to a grant of advance parole which the alien applied for and obtained in the United States prior to the alien's departure from and return to the United States*, will not be treated . . . as an arriving alien under [8 U.S.C. § 1225(b)(1)(A)(i)].

8 C.F.R. § 1.2 (emphasis added). The Court determined plaintiff did not meet this definition because he left the United States on August 11, 2016. *See Gomez*, 2020 WL 7419674, at *4.

2   Any decision by an immigration judge would not be reviewable by this Court. The denial of plaintiff's request must be appealed to the Board of Immigration Appeals, *see* 8 C.F.R. §§ 1003.1(b), 1003.3(a), and then it may be appealed to the appropriate circuit court, *see* 8 U.S.C. § 1252(b)(2). *See also Gomez*, 2020 WL 7419674, at *4.

3

reason. *Gomez*, 2020 WL 7419674, at *3–5. Because plaintiff lacked standing to challenge the change to the Policy Manual, the Court dismissed Count Three for lack of jurisdiction. *Id.*, at *5–6.

On December 3, 2020, plaintiff moved to alter and/or amend this Court's final judgment. Mot. at 1. The matter has been fully briefed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The rule provides a "limited exception" to the rule that judgments should remain final. *Leidos, Inc. v. Hellenic Rep.*, 881 F.3d 213, 217 (D.C. Cir. 2018); Fed. R. Civ. P. 59(e). A Rule 59(e) motion to alter or amend the judgment "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). While the Court has "considerable discretion in ruling on a Rule 59(e) motion," the alteration or amendment of the judgment is "nonetheless an extraordinary measure." *Leidos*, 924 F.3d at 217. Accordingly, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*, quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008).

## ANALYSIS

Plaintiff argues first that the Court "overlooked" the argument that his departure in August 2016 terminated his removal proceedings. Mem. at 1–5. Plaintiff also maintains that the Court

failed to apply "controlling authority," that is, 8 C.F.R. § 245.1(c)(8)(ii), and the decision in *Hernandez-Serrano v. Barr*, 981 F.3d 459 (6th Cir. 2020).  Mem. at 3–7.

## I. Plaintiff has not presented any intervening change in controlling law.

Plaintiff did not direct the Court to any change of law within this jurisdiction.  He states that "recent authority" from the Sixth Circuit "supports [his] position," and he cites a footnote in *Hernandez-Serrano,* 981 F.3d at 459, 467 n.1.  Mem. at 6.  According to plaintiff, that circuit "questioned whether a person even in unterminated removal proceeding[s] was barred from adjusting status before the USCIS."  *Id.*  But Sixth Circuit precedent is not binding on this Court, and the situation in that case was inapposite in any event.

Importantly, the petitioner in *Hernandez-Serrano*, unlike the plaintiff here, challenged USCIS's denial of his status adjustment in the appropriate fora.  Hernandez-Serrano moved for closure of his removal proceedings in the EOIR, *see* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i); he appealed the EOIR's decision to the Board of Immigration Appeals, *see* 8 C.F.R. §§ 1003.1(b), 1003.3(a); and finally, he petitioned the U.S. Court of Appeals for review, *see* 8 U.S.C. § 1252(b)(2).  981 F.3d at 461.  These are precisely the procedural steps that were found to be lacking in this case, *see Gomez*, 2020 WL 7419674, at *6, so plaintiff's reliance on a footnote in *Hernandez-Serrano* is misguided.

Accordingly, the Court finds that plaintiff has failed to identify any intervening change in controlling law that would merit alteration of its prior judgment.

## II. Plaintiff has not identified a clear error or resulting manifest injustice in the Court's decision.

Plaintiff argues the Court "ignore[d]" his argument that he was no longer in deportation proceedings and therefore not subject to the immigration judge's exclusive

jurisdiction.  Mem. at 3–7.  Specifically, plaintiff takes the position that, pursuant to 8 C.F.R. § 245.1(c)(8)(ii), his deportation proceedings terminated upon his voluntary departure from the United States on August 11, 2016.  *Id*. at 4.

However, plaintiff fails to cite the full language of 8 C.F.R. § 245.1(c)(8)(ii), which states that the provision only applies to "[a]ny alien who seeks to adjust status *based upon a marriage* which occurred on or after November 10, 1986, and while the alien was in exclusion, deportation, or removal proceedings, or judicial proceedings relating thereto."  8 C.F.R. § 245.1(c)(8) (emphasis added).  Plaintiff did not assert marriage as the basis for his status adjustment.

The regulations make it clear that plaintiff's departure on August 11, 2016, under advance parole left his deportation proceedings unaffected:  pursuant to 8 C.F.R. § 223.2(f), the issuance of a reentry permit (*e.g.*, advance parole) and subsequent departure of a person "in exclusion, deportation, or removal proceedings shall not affect those proceedings."

Next, plaintiff argues that the Court erred in its reliance on *Meza v. Cuccinelli*, 438 F. Supp. 3d 25 (D.D.C. 2020).  Given the similarities between the two cases, the Court found *Meza* to be instructive on the question of subject matter jurisdiction.  *See Gomez*, 2020 WL 7419674, at *4–5.  Plaintiff attempts to distinguish his case from *Meza* on the basis that "there was no claim that [Meza] departed the U.S. following the issuance of a removal order."  Mem. at 5.  But this circumstance, as noted above, is irrelevant; Gomez's departure under advance parole had no effect on his removal proceedings.  *See* 8 C.F.R. § 223.2(f).  Thus, like the court in *Meza*, this Court cannot "review the denial of an adjustment of status application [when] there is a removal proceeding through which the plaintiff may seek relief."  438 F. Supp. 3d at 32, citing, *inter alia*, *Maalouf v. Wiemann*, No. 09-5394, 2010 WL 4156654, at *1 (D.C. Cir. May 17, 2010); *Randall v. Meese*, 854 F.2d 472, 480–81 (D.C. Cir. 1988).  Plaintiff may seek relief by "mov[ing]

to reopen his removal proceedings and adjudicate[ing] his adjustment of status application." *Gomez*, 2020 WL 7419674, at *4. But it will be an immigration judge, and not a district judge, who will have "exclusive jurisdiction to adjudicate any application for adjustment of status" that an alien may file. 8 C.F.R. § 1245.2(a)(1)(i); *see Meza*, 438 F. Supp. 3d at 34. Therefore, the Court's reference to *Meza* in its opinion did not render its ruling incorrect or unjust.

## CONCLUSION

Plaintiff has not identified any intervening change in controlling law, clear error, or resulting manifest injustice in the Court's prior decision.[3] Because plaintiff has not supplied any basis to find that this Court erred in its determination that it lacks subject matter jurisdiction over plaintiff's claims, it is hereby **ORDERED** that plaintiff's Motion to Alter and/or Amend Judgment [Dkt. # 23] is **DENIED**.

AMY BERMAN JACKSON
United States District Judge

DATE: April 8, 2021

---

3   Plaintiff has not asserted the availability of new evidence, and therefore the Court does not consider that basis for revisiting its decision.