UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAN MELVIN GALINDO GOMEZ a/k/a ADAN GALINDO GOMEZ<br><br>Plaintiff<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, A government agency.<br><br>Defendant | <br><br><br><br>Civil Action No. 1:19-cv-03456-ABJ<br><br>PLAINTIFF'S MOTION THAT THE COURT REQUEST THE FILING OF PAGES 53-214 OF THE ADMINISTRATIVE RECORD |

The plaintiff moves the Court to request that pages 53-214 of the Administrative Record be filed in this matter. Prior to this time only the Index of the Administrative Record has been filed. Inasmuch as the defendant relied upon the allegations of plaintiff's Complaint in filing its motion to dismiss, and did not dispute the authenticity of the documents which plaintiff submitted to the Court in support of his motion for summary judgment, neither party saw any need to file any portion of the Administrative Record with this Court.

However, on April 8, 2021 this Court issued a Memorandum Opinion holding, in relevant part, that "Plaintiff did not assert marriage as the basis for his status adjustment." Dkt. #25.

Plaintiff has never asserted marriage as the basis for his status adjustment because, prior to April 8, it did not appear relevant to the adjudication of this matter. In particular, plaintiff had good reason to believe, contrary to the Court's opinion, that 8 C.F.R. § 245.1(c)(8) set down rules of general applicability regarding the commencement and termination of removal proceedings, as numerous courts have so held. See, e.g., *Nolasco v. Nielson*, No. 1:18-cv-00051-TC, 2018 U.S. Dist. LEXIS 207310, at *3, 2018 WL 6441037 (D. Utah Dec. 7, 2018), *AAA Bonding Agency, Inc. v. United States Dep't of Homeland Sec.*, 447 F. App'x 603, 608 (5th Cir.

2011) *United States v. Medina*, No. CR 18-653-GW, 2019 U.S. Dist. LEXIS 161103, at *10-11 (C.D. Cal. Sep. 4, 2019). Plaintiff is unaware of any decision other than the instant one that has held that this regulation only applies to persons who applied for adjustment of status based upon marriage to U.S. citizens.

      Plaintiff is in fact the spouse of a U.S. citizen and that is the basis of his application for adjustment of status, as pages 53-214 of the Administrative Record will presumably show, inasmuch as the Index filed in this matter indicated that the plaintiff's application for adjustment of status and its supporting Petition for Alien Relative can be found on those pages of the Record.

      LCvR 7(n)(1) implies that the Court may request the filing of the complete Administrative Record, from which it reasonably follows that it may request the filing of any portion of it as well. Given that whether Mr. Galindo applied for adjustment of status based upon marriage to a U.S. citizen has (only) now become relevant to this action, it is respectfully requested that the Court request that pages 55-214 of the Administrative Record be filed in this matter.

      The defendant does not consent to this motion.

      Respectfully Submitted this 6th day of May, 2021

/s/*Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiff
Immigration Law Offices of Los Angeles, P.C.
3415 S. Sepulveda Blvd. Suite 570
Los Angeles, CA 90034
Ph: (646)845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com